IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| BAILEY LEWIS and DARIN LEWIS, Individually and as Natural Parents and Guardians of LTL, a Minor,<br><br>Plaintiffs,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Civil Case No. 2:18-cv-00677-DCN<br><br><br>**COMPLAINT** |

The Plaintiffs, complaining of the Defendant herein, would respectfully show unto this Court upon information and belief that:

## INTRODUCTION

This Complaint is filed partially to protect the Plaintiffs from the running of the applicable state statue of repose, as the Plaintiffs and Defendant are, and have been involved in serious settlement negotiations. This ongoing process cannot realistically be concluded before the Georgia Statute of Repose will expire. The Defendant has in its possession all, actually much more than, the initial mandatory disclosures from the Plaintiffs. The Plaintiffs would not object to the Defendant having an extension beyond the applicable time for filing its Answer. With that said:

## PARTIES

1. The Plaintiffs, Bailey Lewis and Darin Lewis are citizens and residents of the State of South Carolina, County of Georgetown, and the parents and guardians of their Plaintiff Minor Child, LTL.

2.     The Defendant, United States of America, is the proper Defendant in this action brought pursuant to statutory provisions of the Federal Tort Claims Act seeking money damages for personal injury caused by the negligent or wrongful acts and omissions of one or more federal government employees while acting within the scope of their federal employment. Title 28 U.S.C.S. §§1346(b), 1402, 2401(b), 2402, 2671-2680, et seq. (hereinafter referred to as "FTCA"). Plaintiffs' allegations herein are against one or more federal employees who were employed by Winn Army Community Hospital at Fort Stewart Georgia which is a "federal agency" as defined in the FTCA. 28 U.S.C.S. §2671.

## JURISDICTION AND VENUE

3.     This Court has jurisdiction of this action pursuant to its federal question jurisdiction, 28 U.S.C.S. §1331 and the exclusive jurisdiction provisions of the FTCA, 28 U.S.C.S. §1346(b)(1).

4.     Prior to filing this Complaint each of the Plaintiffs filed an administrative claim pursuant to 28 U.S.C.S. 2675 against the Defendant, United States of America. Claim 13-261-T063 by Bailey Lewis (mother); Claim 13-261-T062 by Darin Lewis (father), and Claim 13-261-T061 by LTL (minor). These claims were received by the Defendant on March 13, 2013 for the Causes of Action which arose in 2011. The administrative claims were timely per 28 U.S.C.S. 2401 (b). An Amended claim which only addressed damages, no new facts, was received by the Defendant on December 24, 2014. (A copy of each Claim and the Amended Claim are attached collectively as Exhibits A, B, C, and D.)

5.     On June 9, 2015, Plaintiffs received a letter from the Defendant which indicated their administrative claims had been denied. (A copy is attached Exhibit E).

6. On July 8, 2015, Plaintiffs sent a letter to the Defendant requesting reconsideration of the denial. Defendant received this letter on July 13, 2015. (A copy is attached as Exhibit F).

7. On July 17, 2017, Plaintiffs sent a letter to the Defendant indicating they were preparing to file suit in Federal Court, and included a report from pediatric neurologist Dr. Kinsman. Defendant received this letter July 20, 2017. (A copy is attached as Exhibit G).

8. The Plaintiffs reside in Georgetown County, South Carolina. Pursuant to 28 U.S.C.S. 1402 (b) this Court is a proper venue for this action for money damages against the United States per 28 U.S.C.S. 1346 (b) because the Plaintiffs reside within this jurisdiction.

## FACTUAL ALLEGATIONS

9. The Plaintiffs, Bailey and Darin Lewis are and in 2011 were husband and wife. On that date their child LTL was born at Winn Army Community Hospital in Fort Stewart Georgia.

10. Acts and or errors and or omissions and or negligence and medical malpractice by employees and or agents of the Defendant UNITED STATES, in the birth process of LTL and or the management of the pregnancy of Bailey Lewis caused brain damage and injury and damages to LTL, including but not limited to failure to do a timely cesarean delivery of LTL, and or care of LTL immediately after his birth all as set forth in the Administrative Claims. This negligence includes wrongful acts or omissions on the part of the United States and or its employees acting within the scope of their employment. The Defendant has represented to the Plaintiffs in writing that only persons subject to the Federal Tort Claim Act were involved at all times set forth in this action.

11.     In 2011, Bailey Lewis was admitted to Winn Army hospital for induction of labor after about a 38 week pregnancy, complicated by worsening of gestational hypertension.

12.     In 2011, delivery was attempted using the vacuum assisted delivery method, but after 3 pop offs of the vacuum cup, this method of delivery was abandoned.

13.     LTL was born by spontaneous vaginal delivery about 7 minutes later and had no respiratory effort, and did not attempt to breath for some time thereafter.

14.     In addition to not breathing LTL had no cry, no respiratory effort, was floppy, and had no color.  He had only intermittent weak coughs 4 minutes after birth, with continued poor tone.

15.     Due to his respiratory distress LTL was transferred to a civilian hospital for a higher level of care.

16.     Employees, agents and or servants of the Defendant United States, in the course and scope of their employment were negligent in the standard of medical care in the birth process which breaches include but are not limited to:

   a.     In failing to timely perform a C-section;

   b.     In failing to properly interpret fetal heart tracings;

   c.     In failing to properly monitor the progress of labor;

   d.     In failing to properly institute timely fetal support measures;

   e.     In failing to recognize the signs, symptoms and severity of fetal distress;

   f.     In failing to timely and properly monitor and respond to LTL's decreasing heart rates;

   g.     In failing to timely and properly diagnose and treat LTL;

   h.     In failing to provide proper treatment necessary to prevent material deterioration of LTL'S condition;

    i.      In failing to properly train and supervise its employees;

    j.      In negligently hiring its employees;

    k.      In failing to adequately assess and monitor LTL's condition; and

    l.      In such other particulars as may be ascertained through discovery procedures undertaken pursuant to the Federal Rules of Civil Procedure.

17.    The expert Affidavit of Dr. Bruce M. Zafran who has opined that one or more breaches in the standard of care occurred with respect to the medical treatment Bailey Lewis and LTL received from the Defendant, is attached hereto as Exhibit H and incorporated herein by reference.

## DAMAGES

As a direct and proximate result of Defendant's carelessness, negligence, gross negligence, recklessness, willfulness, wanton and/or heedless conduct, and the departures from the professional standards of care Defendant, the UNITED STATES, as described above, the Plaintiffs have been injured and suffered the following damages:

1.    The minor LTL has suffered severe permanent brain damage and other personal injury which has caused and will in the future cause future extraordinary expenses for medical and other care, education and well-being, and mental and physical pain and anguish a life time of lost income, and other damages.

2.    The parents of LTL have sustained and in the future will sustain damages and expenses on behalf of their son LTL. They also have suffered and in the future will suffer mental pain and anguish due to the developmental delays and physical and mental impairment of their son.

**WHEREFORE,** the Plaintiffs Bailey Lewis and Darin Lewis individually and as parents and guardian of their minor child LTL respectfully demand:

1. That Service of Process issue to Defendant, the United States: the Attorney General of the United States; the Secretary of the Army; and the U.S. Attorney's Office for the District of South Carolina.

2. That the Plaintiff LTL be awarded damages in the amount of $21,000,000.00 as a judgment against the Defendant, the UNITED STATES as compensatory damages, as set forth in the amended administrative claim.

3. That the Plaintiffs Bailey Lewis and Darin Lewis each be awarded damages in the amount of $1,500,000.00 as a judgment against the Defendant, the UNITED STATES as compensatory damages, as set forth in the administrative claims.

4. That the Plaintiffs have such other additional and further relief as this Court deems just and proper;

5. That the Plaintiffs be awarded the cost of this action.

s/O. Fayrell Furr, Jr.  
O. Fayrell Furr, Jr. (Fed. ID #915)  
FURR & HENSHAW  
1900 Oak Street (29577)  
P.O. Box 2909  
Myrtle Beach, SC  29578  
843-626-7621-P  
843-448-6445-F  
ffurr@scmedicalmalpractice.com  
Attorney for the Plaintiffs

March 12, 2018.